# WILLIAM E. ADAMS

### *v.*

## ROBERT V. CUTRIGHT.

1. PARTIES—*in suit for penalty for issuing marriage license to a minor— who may sue.* The tenth section of the chapter of the revised statutes entitled "Marriages," which provides that the clerk of the county commissioners' court shall forfeit to the use of the father, a penalty for wrongfully issuing a marriage license to a minor, must be construed as giving the father a right to sue in his own name.

2. PLEADING—*declaration in suit for penalty for issuing marriage license to a minor.* And in a suit by the father to recover such penalty, it is sufficient if the declaration avers the license was granted without his consent. It is not necessary to aver that banns had not been published, that the father was capable of consenting to the issuance of the license, or that the clerk omitted to swear the parties.

3. But if the publication of banns would relieve the clerk of the penalty imposed, or if the father was incapable of consenting, or if the clerk was deceived by false swearing, he should make these defenses by plea.

4. It is sufficient for the plaintiff to make out a *prima facie* case, under the section giving the penalty, and not necessary to controvert in advance every possible defense.

5. This is not the case of an action given by statute, with an exception in the same clause giving the right of action, as in *Whitecraft* v. *Vanderver*, 12 Ill. 238, and *Chicago, Burlington & Quincy R. R Co.* v. *Carter*, 20 Ill. 391.

6. SAME—*averment as to name of party to whom license was issued.* And an objection that the declaration shows the name of plaintiff's daughter to be "Martha," when the license was issued to "Mattie," will not avail where the declaration, in several of its counts, describes the daughter's name as Mattie, and in others as Martha or Mattie, and avers the license was issued to her under the name Mattie, by virtue of which she was married to the other party named in the license.

7. MARRIAGE LICENSE TO MINORS—*clerks of county courts succeeded clerks county commissioners' courts.* Nor is the objection, when the suit is against a county clerk, that the statute, by its terms, only applies to the clerk of the county commissioners' court, well taken, because the clerk of the county court, in succeeding to the powers and emoluments of the clerk of the superseded court, accepted, also, his responsibilities.

APPEAL from the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

The opinion states the case.

Messrs. WILEY & PARKER, and Mr. JAMES A. CONNOLLY, for the appellant.

Mr. JOHN SCHOLFIELD and Mr. O. B. FICKLIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt, brought by Cutright against Adams, as county clerk of Coles county, to recover the statutory penalty for wrongfully issuing a marriage license to his daughter, who was under eighteen years of age. The defendant demurred to the declaration. The court held the declaration good, and the defendant abided by his demurrer.

It is objected, first, that the suit should have been brought in the name of the people. To this it is a sufficient answer, that the statute provides the delinquent clerk shall forfeit and pay the sum of three hundred dollars to the use of the father. This must be construed as giving the father a right to sue in his own name.

It is also objected that the declaration should have averred the banns had not been published, and that the father was capable of consenting to the issuance of the license, and that the clerk omitted to swear the parties. But if publication would relieve the clerk of the penalty imposed for issuing a license without the consent of the father, or if the father was incapable of consenting, or if the clerk was deceived by false swearing, he should have made these defenses by plea. It was sufficient for the plaintiff to make out a *prima facie* case, under the section giving the penalty, and not necessary to controvert, in advance, every possible defense. This is not the case of an

action given by statute, with an exception in the same clause giving the right of action, as in *Whitecraft* v. *Vanderver*, 12 Ill. 238, and *Chicago, Burlington & Quincy R. R. Co.* v. *Carter*, 20 Ill. 391.

It is further objected, that the declaration shows the name of plaintiff's daughter to be Martha Cutright, and that license was issued to Mattie Cutright. But the declaration, in several of its counts, describes the daughter's name as Mattie, and in the other counts as Martha or Mattie, and avers the license was issued to her under the name of Mattie, by virtue of which she was married to A. J. Newson, the other party named in the license. This is sufficient.

The last objection is that the statute, by its terms, applies to the clerk of the county commissioners' court, and not to the clerk of the county court. But under the decision in *The People* v. *Thurber*, 13 Ill. 566, we must hold this objection not well taken. The clerk of the county court, in succeeding to the powers and emoluments of the clerk of the superseded court, accepted, also, his responsibilities.

*Judgment affirmed.*